IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLARENCE WILLIAMS, JR.                                        PLAINTIFF

v.                                    Civil No. 6:17-CV-06132

MRS. HOSMAN, *et. al.*                                        DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on December 19, 2017. (ECF No. 1). He alleges his constitutional rights were violated while he was incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit. (ECF No. 2). For his first claim, Plaintiff alleges he was denied medical care in July of 2017 when Defendant Hosman assigned him to do utility work when he was a medically restricted inmate. Plaintiff alleges the work "caused [his] leg to swell due to metal rod inserted and hip to hurt due to hip implant." Plaintiff alleges Defendant Ashcraft "wrote disciplinaries" and he was punished "when the pain was to[o] bad to make it out of bed." (ECF No. 1 at 6). Plaintiff also sues Defendant Hosman in her official capacity, alleging it was

1

Defendant Hosman's job to check medical restrictions, she was informed of her error by an infirmary manager, and she refused to correct the error for several months. (ECF No. 1 at 7).

For his second claim, Plaintiff alleges Defendant Melugin "disrespected" him on July 4, 2017. Specifically, Plaintiff alleges Defendant Melugin "mocked the [H]onorable Muhammed" on July 4, 2017, by stating "my name is Muhammed" and "denied several inmates religious diets of no pork." (ECF No. 1 at 7). While he makes a general statement about freedom of religion, Plaintiff makes no specific official capacity claim against Defendant Melugin. (ECF No. 1 at 8).

In his third claim, Plaintiff alleges Defendant Faust and Defendant Kelley denied him access to the grievance process and he therefore suffered mental anguish on June 22, July 17, 18, and 24, and September 26, 2017. (ECF No. 1 at 8). Here Plaintiff makes the general statement that "every citizen of the U.S. has the right to grieve and have their voice heard," but he makes no specific official capacity claim against either Defendant Faust or Defendant Kelley. (ECF No. 1 at 11).

On an attached sheet, Plaintiff listed several other allegations. The Court will address them as separate claims.

For his fourth claim, Plaintiff alleges that, on unspecified dates, Defendant Jackson ignored inmate complaints and requests. The Court will interpret this as an allegation that Defendant Jackson denied Plaintiff access to the grievance process. (ECF No. 1 at 9).

For his fifth claim, Plaintiff alleges that Defendant Maxwell refused to acknowledge that keeping lights on for 24 hours a day in the isolation cells causes sleep deprivation and refused to make appropriate changes. (ECF No. 1 at 9). This will be interpreted as an unconstitutional conditions of confinement claim.

For his sixth claim, Plaintiff alleges that Defendant Louis denied him his cardiovascular (heart-healthy) diet tray for seven days.   (ECF No. 1 at 9).  Plaintiff also alleges in Claims seven, eight, and nine that Defendants Keener, Watkins, and McDonald also denied him his cardiovascular diet tray for an unspecified period of time while he was housed in isolation.  (ECF No. 1 at 9).  These will be interpreted as denial of adequate medical care claims.

Plaintiff proceeds against the Defendants named in the first three claims in their official and personal capacities.  (ECF No. 1 at 6-8).  Plaintiff does not specify the capacity in which he sues the Defendants named in his remaining claims.  Plaintiff seeks (1) compensatory and punitive damages, (2) to have the Defendants terminated from their positions in the ADC, and (3) to be released from the ADC or transferred to another Unit as soon as possible.  (ECF No. 1 at 11).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

3

### III. ANALYSIS

#### A. Official Capacity – All Claims

Plaintiff alleged no custom or policy of the ADC which violated his rights. He therefore states no official capacity claims. *See Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998) (an official capacity claim requires "proof that a policy or custom of the entity violated the plaintiff's rights."). Further an official capacity claim against an ADC employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)).

#### B. Work Assignment and Constant Lighting – Claims One and Five

Plaintiff's allegation that he was improperly assigned to utility work which was beyond his medical classification states a plausible personal capacity claim for relief against Defendant Hosman. *See Mays v. Rhodes*, 255 F.3d 644, 649 (8th Cir. 2001) (Deliberate indifference in the work assignment context requires that prison officials knew of an inmate's serious medical need and compelled him "to perform physical labor that [is] beyond his strength, dangerous to his health, or unduly painful."). This claim should remain for service on Defendant Hosman.

However, his claim that he was punished by Defendant Ashcraft when he could not do the assigned work is barred by the *Heck* doctrine because he has not alleged that any disciplinary charges for this issue were terminated in his favor. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002) (The *Heck* doctrine applies to inmate disciplinary proceedings.) This Claim should be dismissed.

Plaintiff's allegation that Defendant Maxwell refused to acknowledge that the constant lighting in the isolation cells caused sleep deprivation, and refused to correct the lighting, also states a plausible personal capacity claim for relief. *See Obama v. Burl*, 477 Fed. App'x 409, 409

4

(8th Cir. 2012) (allegations that constant lighting in isolation caused inability to sleep, emotional distress, and constant headaches sufficient to survive preservice dismissal). This Claim should remain for service on Defendant Maxwell.

Plaintiff's other personal capacity claims are subject to dismissal.

### C. Disrespect – Claim Two

Plaintiff's allegation that Defendant Melugin verbally "disrespected" him is frivolous. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death."). This Claim should be dismissed.

### D. Standing Regarding Muhammad Comments and Pork-Free Diet – Claim Two

Plaintiff did not allege that he is of the Muslim faith, or that Defendant Melugin denied him a religious pork-free diet. Instead, he alleges Melugin mocked Muhammed and denied several inmates their religious pork-free diets. Plaintiff does not have standing to sue on behalf of other inmates or "the [H]onorable Muhammad." It is well-established that § 1983 does not confer

5

standing because it does not confer any substantive rights. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000). "If a plaintiff has not suffered an injury [due to the conduct of the defendant], there is no standing and the court is without jurisdiction to consider the action." *Id.* at 934; *see also Smith v. Unknown* , No. 06-CV-1046, 2006 WL 3248270, at *2 (W.D. Ark. Nov. 7, 2006) (inmate did not have standing to bring claim on behalf of other inmates) (citing *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991)). This Claim should be dismissed.

### E. Denial of Grievance Process – Claims Three and Four

Plaintiff's allegations that he was denied a grievance process is frivolous. "[P]risoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (*citing Johnson v. Avery*, 393 U.S. 483 (1969)). However, it is well-settled that inmates have no substantive constitutional right in detention center officials following grievance procedures. *See e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no constitutional violation in failing to process all of the grievances submitted by a prisoner); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow state law or prison regulations). Plaintiff's constitutional right of access to the courts was not impinged by Defendants, as is demonstrated by Plaintiff's filing of this action. This Claim should be dismissed.

### F. Denial of Cardiovascular Diet – Claims Six, Seven, Eight, and Nine

Plaintiff alleges Captain Louis denied him his cardiac diet tray for seven days. He further alleges in his seventh, eighth, and ninth claims that Defendants Keener, Watkin, and McDonald denied him his cardiac tray for an unspecified amount of time while he was housed in isolation. Denial of a diet prescribed for medical reasons can state a claim of deliberate indifference to medical needs. However, in order to state a valid claim, a Plaintiff must allege that their health

6

actually suffered as a result of the food they received. *Cody v. CBM Correctional Food Service*, 250 Fed App'x 763, 765 (8th Cir. 2007). Here, Plaintiff alleged only that this denial put his health at risk; he did not allege that his health was actually harmed. Nor can the Court infer actual harm from the denial of a cardiac diet for seven days. These claims should be dismissed.

## IV. CONCLUSION

Accordingly, I recommend the following claims remain for further consideration:

1. Plaintiff's personal capacity claim against Defendant Hosman for improperly assigning him to a work detail which he alleges violated his inmate medical restriction;

2. Plaintiff's personal capacity claim against Defendant Maxwell for the constant lighting in the isolation area, which he alleges caused sleep deprivation.

I recommend Plaintiff's other claims be **DISMISSED WITHOUT PREJUDICE**. Service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated** this **17th day of May 2018**.

/s/  Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE