IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLARENCE R. WILLIAMS, JR.                                              PLAINTIFF

v.                            Civil No.: 6:17-CV-06132

MRS. HOSMAN and LIEUTENANT                                          DEFENDANTS
MAXWELL

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. (ECF Nos. 20, 21, 22).

### I. BACKGROUND

Plaintiff filed his Complaint on December 19, 2017. (ECF No. 1). He alleges his constitutional rights were violated while he was incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit. (*Id*. at 2). Pursuant to the screening requirements of the Prison Litigation Reform Act, Plaintiff's official capacity claims, as well as his personal capacity claims against all Defendants except Hosman and Maxwell, were dismissed on June 13, 2018. (ECF No. 12).

Plaintiff alleges Defendant Hosman improperly assigned him to utility work which was beyond his medical classification. (ECF No. 1 at 6). Plaintiff alleges that Defendant Maxwell

1

refused to acknowledge that keeping lights on for 24 hours a day in the isolation cells causes sleep deprivation and refused to make appropriate changes. (ECF No. 1 at 9).

Defendants filed their Motion for Summary Judgment on August 2, 2018. (ECF Nos. 20, 21, 22). On August 3, 2018, the Court entered an Order directing Plaintiff to file a Response to the Summary Judgment Motion by August 24, 2018. (ECF No. 23). This Order was returned as undeliverable on August 14, 2018. Plaintiff filed a Notice of Address Change on September 4, 2018, and the Order was resent. (ECF No. 24). To date, Plaintiff has not filed his Response and has not otherwise communicated with the Court.

In the Order directing him to Respond to the Summary Judgment Motion (ECF No. 23), Plaintiff was advised that failure to comply with the Court's Order would result in: (a) all of the facts set forth by the Defendants in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c) and (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Summary Judgment Motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5,

2016). Those portions of the Defendants' statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." (*Id*.).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "Conclusory, non-specific statements in an affidavit or verified complaint" are also insufficient. *McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the facts set forth by the Defendants are deemed admitted except to the extent contradicted by the verified complaint. The question is whether given the facts as pieced together

by the Court, there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III.  ANALYSIS

Defendants contend they are entitled to summary judgment in their favor because: (1) Plaintiff failed to exhaust his remedies against Defendant Hosman regarding his work assignment; and (2) Plaintiff failed to specify that he was suing Defendant Maxwell in his personal capacity. (ECF No. 21).

#### A.  Defendant Hosman – Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.  A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

In their Statement of Facts, Defendants note Plaintiff failed to exhaust his remedies against Defendant Hosman regarding his work assignment (ECF No. 22 at 1-3).  Defendants provided an affidavit from the Arkansas Department of Correction ("ADC") Grievance Supervisor.  In her affidavit, the Grievance Supervisor states that Plaintiff did not exhaust any grievances about his

4

work assignment against Defendant Hosman prior to the commencement of this case. (ECF Nos. 20-2). She further states the only grievance which Plaintiff exhausted against Defendant Hosman for the relevant time-period concerned a decision to transfer him to a new ADC barracks, where he alleges there were "black mold and floods." (*Id*.).

Nothing in Plaintiff's verified Complaint contradicts Defendants' assertion that he failed to exhaust his administrative remedies. While Plaintiff indicated he filed a written grievance concerning the facts of his Complaint, he did not allege he exhausted the ADC grievance procedure concerning his work assignment. (ECF No. 1 at 2). Nor did he identify the grievance identification number or provide copies of the exhausted grievance as requested on the Complaint form. (*Id*.). Defendants' Statements of Fact regarding Plaintiff's failure to exhaust his administrative remedies are therefore deemed admitted, and Defendant Hosman is entitled to summary judgment in her favor.

**B. Defendant Maxwell – Official Capacity Only**

It is well-established in the Eighth Circuit that a plaintiff who wishes to sue a state official in his personal capacity must so specify in his complaint. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989). "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995).

Here, Plaintiff's sole allegation against Defendant Maxwell is stated on a separate piece of paper attached to the Court-approved Complaint form. (ECF No. 1 at 9). Although Plaintiff had checked the option for "both official and personal capacity" for those claims written on the form, he did not specify the capacity in which he sued the Defendants for the claims listed on the separate sheet of paper. Plaintiff therefore proceeds against Defendant Maxwell in his official capacity only. As Plaintiff's official capacity claims in this case were previously dismissed by the Court at

preservice screening (ECF No. 12), Defendant Maxwell is entitled to summary judgment in his favor.

## IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 20) be GRANTED and Plaintiff's case be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of January 2019**.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE